UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CHRISTOPHER MERCIER, et al.,
Plaintiffs,

v.                                                                  Case Number: 98-2409(DRD)

FIREWORKS BY GIRONE OF
PUERTO RICO, INC., et al.,
Defendants.

### ORDER

Pending before the Court are Docket Nos. 32, 39, 40, and 41. The Court rules as follows:

| Docket No. | Ruling | Title and Date |
|---|---|---|
| 32 | GRANTED | Motion Withdrawing Appearance; November 2, 2000. |

The minutes of the Status Conference held on March 29, 2001, in pertinent part state "Regarding defendant's Motion Withdrawing Appearance (Docket No. 32), plaintiffs' counsel are granted **five (5) days** to confer with his client the issues presented in the motion. Plaintiffs are forewarned that if they do not inform the Court as to their position regarding said motion within the allocated time, the motion will be granted by the Court."
Docket No. 42. To date, plaintiffs have failed to oppose to co-defendant Underwriters at Lloyd's Motion Withdrawing Appearance. Therefore, the Court hereby **GRANTS** defendant' Motion Withdrawing Appearance based on lack of service of process and co-defendant CNA International Reinsurance Company's admittance of coverage for damages alleged in the complaint. Plaintiffs' claims against defendant Underwriters at Lloyd's are **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

| | | |
|---|---|---|
| 39 | NOTED | Notice and Motion; March 20, 2001. |
| 40 | DENIED | Motion to Dismiss for Lack of Jurisdictional Amount; March 29, 2001. |

On March 29, 2001, co-defendant CNA International Reinsurance Company ("CNA") filed a Motion to Dismiss for Lack of Jurisdictional Amount. (Docket No. 40). Plaintiffs

opposed on April 5, 2001. (Docket No. 41). In the motion, co-defendant CNA requests the Court to dismiss the claim brought by co-plaintiffs Kenneth Mercier and Sheryl Mercier in the above captioned case for lack of jurisdictional amount pursuant to 28 U.S.C. 1332. Additionally, co-defendant states that "plaintiffs Kenneth and Sheryl Mercier have not alleged any physical injury of any kind or any physical damages arising from the alleged mental anguish suffered as a result of their son's accident" and that "[p]laintiffs have also failed to indicate that they have received any kind of psychiatric or psychological treatment for the alleged mental anguish." (Docket No. 40). Plaintiffs counter co-defendant's averments by stating that although they did not suffer physical damages, plaintiffs did "suffer anxiety, mental stress and pain - first in not knowing the extent of their son's injuries on the day of the incident of the complaint and second; in subsequently suffering their son's inability to continue swimming and losing a one time opportunity to compete as a swimmer on a national basis and gain national and international recognition." (Docket No. 41). The Court now addresses CNA's allegations

A trial court's method of determination of wether a jurisdictional amount has been satisfied is entirely within the Court's discretion. See Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995). Plaintiffs receive the benefit of the doubt when determining the amount in controversy in a case. See Barbers Hairstyling for Men & Women, Inc. v. Bishop, 132 F.3d 1203, 1205 (7th Cir. 1997). Additionally, the Court "must not permit a preliminary jurisdictional determination regarding recoverable damages to deprive a plaintiff unfairly of a federal court trial of a case on its merits." Reddy v. Barclays Bank of New York, 773 F.Supp. 655 (D.C.N.Y 1991). See Coventry, 71 F.3d at 4. "Moreover, it has long been the rule that a court decides the amount in controversy from the face of the complaint, 'unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" Id. (citing Horton v. Liberty Mutual Insurance Co., 367 U.S. 350, 353, 81 S.Ct. 1570, 1573 (1961)). "It must appear to a legal certainty that the claim is really for less that the jurisdictional amount to justify dismissal." Id. at 5. See Collazo-Santiago v. Toyota Motor Corp., 957 F.Supp. 349, 358 (1st Cir. 1997). In the case at hand, plaintiffs' mental suffering could reasonably be enough to justify an award of damages greater than seventy five thousand dollars by a jury. Further, it does not appear that the amounts stated in the complaint were in some way not claimed in good faith. Therefore, the Court **DENIES** defendant's Motion to Dismiss for Lack of Jurisdictional Amount.

| | | |
|---|---|---|
| 41 | GRANTED | Memorandum and Motion; April 5, 2001. |

See Order Docket No. 40.

**IT IS SO ORDERED.**

May 3, 2001.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE